# EXHIBIT

# (O)

12/14/04

ORDER

Purcell, et al. v. MWI Corp., et al.                                                                                                     2

identify" the commissions paid to "other agents" from January 1, 1980 to the present;[2] refused to produce their "general ledger" for the years 1989 through 1991;[3] "refuse[d] to produce" internal evaluations which Defendants "may possess";[4] and limited their production of "pricing documents" to "international" transactions."[5]

Defendants, in their opposition, submit that the United States relies upon "misrepresentations to this Court regarding the nature of this case" in order "to expand, improperly, the scope of discovery to encompass virtually all of the documents generated regarding MWI's business from the late 1980's through at least 1995." Defendants' Memorandum of Points and Authorities in Opposition to United States' Motion to Compel Production of Documents and Responses to Interrogatories ("Defendants' Opposition") (Docket No. 90) at 2. Defendants offer examples of some of the documents they have produced to date,[6] and maintain that the discovery requests which are the subject of the United States' motion concern matters which are irrelevant,[7] have already been answered,[8] or are broader than the initial

---

[2] See id. at 10-16.

[3] See id. at 16-22. According to the United States, Defendants agreed to produce relevant documents for the period January 1, 1992 through December 31, 1995. Id. at 17. The Untied States, in its complaint, alleges that the Export Import Bank of the United States made loans to Nigeria in 1992 to finance Defendant MWI's sales of equipment to Nigeria. Complaint ¶ 12.

[4] Id. at 22-23.

[5] Id. at 23-25.

[6] Id. at 4.

[7] Id. at 16-21.

[8] Id. at 21-30, 32-35.

Purcell, et al. v. MWI Corp., et al.                                                             3

discovery request.[9]

The United States, in its reply, concedes that its motion is moot with respect to requests as to which Defendants have no responsive documents. The United States' Reply in Support of its Motion to Compel Production of Documents and Responses to Interrogatories ("United States' Reply") (Docket No. 91) at 13-14. The Untied States submits, however, that the remainder of Defendants' objections are without merit. See id. at 1-3.

Upon consideration of the United States' motion to compel, the memoranda in support thereof and in opposition thereto, the oral arguments of counsel at a hearing on November 17, 2004 and the entire record herein, the United States' motion will be denied. The undersigned first takes into account the United States' acknowledgment that "the dispute over [two of the seven discovery requests which are the subject of the motion] is moot." United States' Reply at 13-14.

With respect to four of the five remaining requests, the undersigned finds that the United States has failed to demonstrate that Defendants have "refused to answer" any relevant inquiry. See United States' Memorandum at 2. Instead, the United States speculates that Defendants have withheld responsive material; following this speculation to an predetermined conclusion, the United States then presupposes that the material will support the United States's claims, and disparagingly suggests that Defendants "understandably would like to avoid having to produce this damaging information[.]" United States' Reply at 2.[10]

---

[9] Id. at 30-32.

[10] In its effort to persuade the Court that the material it seeks is relevant, the United States submits that "[a]t issue is whether the [D]efendants fraudulently procured a $74.5 million loan from the U.S. Export-Import Bank, by certifying to the Bank that they paid only a "regular commission "in connection with the loan[.]" United States'

Purcell, et al. v. MWI Corp., et al.                                                                                                4

Finally, the undersigned finds that the United States' Interrogatory No.7 of its fourth set, by which Defendants ostensibly are asked "to explain" entries on a document Defendants produced in response to an earlier discovery request, is not, as the United States' counsel suggested at oral argument, a proper "contention" interrogatory. The United States appears to seek not an explanation, but a concession that a payment was other than a "regular commission." See United States' Reply at 5-7.

For the foregoing reasons, it is, this 14th day of December, 2004,

**ORDERED** that The United States' Motion to Compel Production of Documents and Responses to Interrogatories (Docket No. 80) is **DENIED**.

December 14, 2004                                                                        /s/
                                                                                       DEBORAH A. ROBINSON
                                                                                       United States Magistrate Judge

---

Reply at 1-2. However, in its Complaint, the United States alleges that Defendants "failed to disclose to the EXIM commissions, other payments, and agreements to make payments" in connection with a sale of equipment financed by the Export-Import Bank. Complaint of the United States ¶ 1.