THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* ROBERT R. PURCELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 98-2088 (GK) |
| | ) | |
| MWI CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' OPPOSTION TO DEFENDANT'S MOTION *IN LIMINE*
TO EXCLUDE EVIDENCE OF IRRELEVANT NIGERIAN DEBT**

MWI has filed a motion *in limine* seeking to preclude the government from referring to debt owed by Nigeria to the United States for unpaid Ex-Im Bank loans. *See* Dkt. 313. It is the government's position that Nigeria's repayment of Ex-Im Bank loans, including the loan at issue in this case, is not relevant to claims that will be tried by the jury. *See* Dkt. 314 (government's motion *in limine* to exclude evidence regarding Nigeria's repayment of the MWI loan). As a result, the government only opposes MWI's motion *in limine* in the event that the Court finds evidence of Nigeria's loan repayment to be a relevant issue for the jury.

Introduction

Because Nigeria's loan repayment history is irrelevant to claims that will be tried by the jury, the Court should exclude all evidence of Nigeria's loan repayment with respect to the MWI loan, or any other Ex-Im Bank loan. If the Court grants the government's motion *in limine* to exclude evidence that Nigeria eventually repaid the MWI loan, the government agrees that evidence regarding Nigeria's failure to repay other Ex-Im Bank loans should also be excluded at

1

trial. *See* Dkt. 314. But the government maintains that, if the Court allows MWI to present evidence of that Nigeria eventually repaid the MWI loan, evidence that Nigeria defaulted on other Ex-Im Bank loans is relevant to rebut MWI's claim that the government was not damaged.

I. **Evidence of Nigeria's loan repayment history is irrelevant to claims that will be tried by the jury**

As the government argued in its motion *in limine* to exclude evidence of Nigeria's loan repayment, the Court has already ruled that Nigeria's loan repayment does not affect the jury's determination of damages at trial. While the Court has noted that Nigeria's repayment may entitle MWI to a credit, the Court has expressly determined that *it* will assess whether and how such a credit is to be applied *after* the jury awards damages at trial. *See United States ex rel. Purcell v. MWI Corp.*, 824 F. Supp. 2d 12, 29 at FN8 (D.D.C. 2011) (citing *United States v. Bornstein*, 423 U.S. 303, 316-17 (1976)). As a result, all evidence of Nigeria's loan repayment history – with respect to the MWI loan and any other Ex-Im Bank loans – is irrelevant to claims that will be tried by the jury and should be excluded at trial. Should the Court grant the government's motion to exclude evidence of Nigeria's repayment of the MWI loan, the government does not oppose MWI's request to exclude evidence that Nigeria defaulted on other Ex-Im Bank loans. Instead, the Court can assess that evidence when it determines whether MWI is entitled to an offset of the jury's damages award after trial.

II. **Evidence that Nigeria defaulted on other Ex-Im Bank loans is relevant to rebut any argument that the government was not damaged because Nigeria eventually repaid the MWI loan**

If MWI were permitted to argue that the government was not damaged because Nigeria eventually paid back the MWI loan, then the government respectfully submits that it would have a right to present evidence that Nigeria defaulted on other Ex-Im Bank loans. *See Purcell*, 520 F.

2

Supp. 2d at 179 (noting that, "although Nigeria has repaid the loans at issue here, it has not repaid other Ex–Im loans totaling over $973 million, $618 million of which were eventually forgiven."). For example, the government would submit evidence that Nigeria was in arrears on other earlier Ex-Im Bank loans at the same time Nigeria was making payments on the MWI loan. *See* Gov't TREX 313 (August 31, 1993 Ex-Im Bank "Summery of Amount Due and Owing from the Government of Nigeria" shows that Nigeria owed a total of $654,359,272.12 to the Ex-Im Bank, including $118,889,048.89 in arrears). Further, the government would submit evidence that a large amount of Nigerian debt was permanently forgiven and the government will never recoup those losses. *See* MWI TREX 132 (an October 2005 press release announcing that the Paris Club forgave $18 billion of Nigeria's debt). The government will use this evidence to argue that, if MWI had not fraudulently procured the Ex-Im Bank loan, Nigeria would have been able to pay back $74.3 million on the money it already owed to the government. As a result, evidence that Nigeria defaulted on other loans show that the government was still damaged even though Nigeria eventually paid back the MWI loan.[1]

In conclusion, should the Court allow evidence that Nigeria eventually paid back the MWI loan, evidence that Nigeria defaulted on other loans is relevant to rebut any suggestion that the government wasn't damaged by MWI's fraudulent procurement of the financing at issue in this case. If the Court holds that evidence of Nigeria's loan repayment is not relevant to claims before the jury, the government agrees that it will not submit evidence at trial showing that Nigeria defaulted on other Ex-Im Bank loans.

---

[1] As the government argued in its motion *in limine*, allowing the parties to put on a large body of evidence chronicling the history of Nigeria's loan repayment will waste time and run the risk that the jury will attach improper significance to the issue. *See* FED. R. EVID 403. Instead of

Respectfully submitted,

/s/ Elizabeth Young
MICHAEL D. GRANSTON
DAVID B. WISEMAN
ELIZABETH YOUNG
U.S. Department of Justice
Washington, D.C. 20004

KEITH MORGAN
BEVERLY RUSSELL
Assistant United States Attorney
United States Attorney's Office
555 Fourth St., N.W.
Washington, D.C. 20530

*Attorneys for the United States*

---

subjecting the jury to a mini-trial about Nigerian debt, that evidence should be assessed by the Court after trial.

4