**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*ex rel*, **ROBERT R. PURCELL,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MWI CORPORATION,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)   Civil Action No. 98-2088(GK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE UNITED STATES' REPLY TO DEFENDANT MWI CORPORATION'S OPPOSITION TO THE UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OR REFERENCE TO RELATOR'S CHARACTER OR MOTIVATION IN FILING THE *QUI TAM* ACTION**

**I.	TABLE OF AUTHORITIES**

A.	Cases

*Caudle v. District of Columbia*, 707 F.l3d 354 (D.C. Cir. 2013) . . . . . . . . . . . . . . . . . . . . 1

*Herbert v. Architect of Capitol*, --- F.Supp.2d ----,
   2013 WL 384819 (D.D.C. Jan. 31, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States ex rel. Hall v. Tribal Dev. Corp.*, 49 F.3d 1208, 1212 (7th Cir.1995) . . 2-3

*United States ex rel. Miller v. Bill Harbert Intern. Const., Inc.*,
   608 F.3d 871 (D.C. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United States ex rel. Miller v. Bill Harbert Intern. Const., Inc.*,
   Civil Action No. 95-1231(RCL), 2007 WL 851868 (D.D.C. March 14, 2007) . . . . . 1, 2

B.	Other Authorities

Fed. R. Evid. 104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Evid. 401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Evid. 402 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Evid. 403 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Evid. 404 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Fed. R. Evid. 607 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Evid. 608 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Evid. 609 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## ARGUMENT

The United States has moved, pursuant to Rules 104, 401, 402, and 403 of the Federal Rules of Evidence, for an Order in advance of trial prohibiting the Defendant from introducing evidence, either documentary or testimonial, questioning any witness, or presenting any arguments to the trier of fact regarding the Relator's character or motivation in filing the *qui tam* action. MWI opposes the motion primarily focusing on the admissibility of evidence regarding the Relator's potential pecuniary interest in the suit. MWI is correct in pointing out that arguing and eliciting testimony regarding Relator's monetary interest in this suit is permissible to show bias or motivation. *See United States ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, 608 F.3d 871, 898 (D.C. Cir. 2010). However, there are caveats or limits on the scope of such testimony and evidence, and MWI should be directed -- through Order of this Court -- to stay within the constraints of what is legally permissible.

First, the presentation of any evidence and argument regarding Relator's pecuniary interest in this case must not serve as a basis for the jury's verdict. *See Caudle v. District of Columbia*, 707 F.l3d 354, 359 (D.C. Cir. 2013)("The jury may not return a verdict *based on* personal interest, bias or prejudice and an argument asking it to do so is improper.") (emphasis added). Accordingly, MWI should be precluded from using evidence and testimony regarding Relator's monetary interest in this suit in a manner that impermissibly influences the verdict. Ultimately, the "jury's job in this case will be to determine the number of violations and fix the amount of damages, if any." *United States ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, Civil Action No. 95-1231(RCL), 2007 WL 851868, * 2 (D.D.C. March 14, 2007). The United States agrees that MWI may cross-examine Relator to explore his motivation or bias, but any testimony in this regard would relate to credibility. *See* Fed. R. Evid. 404(a)(3)("Evidence of a

witness's character may be admitted under Rules 607, 608, and 609" of the Federal Rules of Evidence.). The jury will ultimately determine the weight to give such testimony. MWI should be precluded, however, from using testimony or argument relating to Relator's motivation or bias in an inappropriate evidentiary way, e.g., to suggest that such evidence standing on its own is an appropriate basis for a verdict in its favor.

      Second, MWI should be precluded from introducing evidence as to Relator's potential recovery in this case as unduly prejudicial. *United States ex rel. Miller v. Bill Harbert Intern. Const., Inc.*, 2007 WL 851868, * 2 ("[D]efendants argue that they must also be able to introduce evidence of the potential *amount* of relator's recovery, since the addition of trebled damages and statutory penalties increases the relator's risk of bias and impaired credibility. Whatever slight incremental probative value such evidence might carry is substantially outweighed by the significant prejudicial effect it is likely to have."); *see also* Fed. R. Evid. 403 (even relevant evidence may be excluded if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). Precluding such evidence makes sense because this case falls on whether the United States was injured by MWI's actions, not the potential pecuniary gain of Relator. *United States ex rel. Hall v. Tribal Dev. Corp.*, 49 F.3d 1208, 1212 (7th Cir.1995)("Qui tam suits by definition involve suits brought by private parties to assist the executive branch in its enforcement of the law, the violation of which affects the interest of the government, not the individual relator, whose only motivation in bringing the suit is to recover a piece of the action given by statute. So when a legislative body enacts provisions enabling *qui tam* actions, that act carries with it an understanding that in such suits *it is the*

*government, and not the individual relator, who has suffered the injury resulting from the violation of the underlying law and is therefore the real plaintiff in the action.*")(emphasis added). Accordingly, the testimony and argument that MWI wants to present regarding and related to the "significant financial gains that Relator stands to win," *see* R. 322, Def.'s Op, at 4, should be precluded at trial.

And finally, MWI's examination of Relator must comport with the evidentiary rules on character evidence. Specifically, MWI must demonstrate that it is introducing character evidence only for a valid purpose comporting with Fed. R. Evid. 404. *Herbert v. Architect of Capitol*, --- F.Supp.2d ----, 2013 WL 384819, *6 (D.D.C. Jan. 31, 2013); Fed. R. Evid. 404(a)(1) and 404(b)(2) (character evidence is not admissible "to provide that on a particular occasion the person acted in accordance with the character or trait[,]" but may be admissible for other purposes, "such as proving motive, opportunity, intent, preparation, knowledge, identity absence of mistake, or lack of accident.").

In summary, the United States respectfully requests that the Court issue an Order limiting MWI's use of character evidence consistent with its motion, as appropriate, and this Reply.

        Respectfully submitted,

        STUART F. DELERY
        Acting Assistant Attorney General

        RONALD C. MACHEN
        United States Attorney

/s/ Beverly M. Russell
KEITH V. MORGAN
BEVERLY M. RUSSELL
Assistant United States Attorneys
United States Attorney's Office
555 Fourth St., N.W.
Washington, D.C. 20530

MICHAEL D. GRANSTON
DAVID B. WISEMAN
ELIZABETH YOUNG
Attorneys, Civil Division
Department of Justice
Post Office Box 261
Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 514-0132
Facsimile:  (202) 307-3852

*Attorneys for the United States*