UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ROBERT R. PURCELL, : : : | |
| Plaintiffs, : : | |
| v. : | Civil Action No. 98-2088 (GK) |
| MWI CORPORATION, : : | |
| Defendant. : | |

## ORDER

### MOTION IN LIMINE NO. 10

Defendant has filed a Motion in Limine to Exclude Allegations, References, or Evidence Regarding Alleged Improper Payment of Nigerian Officials. . .[Dkt. No. 315]. Defendant moved to preclude Plaintiffs "from making allegations, referencing, or offering evidence at trial regarding corruption in Nigeria, bribery of or improper payments to Nigerian officials, or attempts by MWI or its employees, officers, executives, or agents to shield assets from creditors." Def.'s Mot. at 1. Defendant bases its Motion upon Federal Rules 401, 403, and 404(b).

Rule 402 provides that "[i]rrelevant evidence is not admissible." Rule 401 defines "relevant evidence" as evidence that "(a) has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." The central issue in this case is whether "MWI falsely certified that it had not paid any irregular commissions -- or bribes -- to its Nigerian representatives using federal funds." Govt. Opp. at 2. Thus, evidence pertaining to improper payments to Nigerian officials, other than those identified in the Complaint, corruption in Nigeria, and attempts to shield assets from creditors are not relevant to the straightforward, narrow factual issues which must be decided by the jury in this case.

Moreover, such inflammatory evidence which, as just noted, is not relevant to Plaintiffs' claims, would be certain to cause "unfair prejudice" under Rule 403. In addition, such evidence could not help but confuse the issues and mislead the jury as to the factual evidence it must weigh.[1]

Finally, the Government has failed to identify any concrete admissible evidence to support the inflammatory evidence Defendant seeks to exclude. The best the Government can offer is that it "believe[s] that evidence regarding corruption in Nigeria, payment to Nigerian officials, and MWI's wrongdoing might be admissible if the United States successfully provides a factual predicate for such evidence -- e.g., motive, intent, background." Govt. Mot. at 4 (emphasis added).

**WHEREFORE**, it is this 1st day of July, 2013, hereby

**ORDERED**, that Defendant's in Limine to Exclude Allegations, References, or Evidence Regarding Alleged Improper Payment of Nigerian Officials is **granted**.

*/s/ Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

---

[1] In its Reply, Defendant claims that it is seeking "to prevent Plaintiffs from using prejudicial, pejorative terms such as 'bribery' and 'corruption' to improperly color this case. . ." Def.'s Reply at 1. This description of what Defendant seeks to exclude is significantly broader than the definition it presented initially. In making its decision, the Court is relying on and referring to the definition initially presented in Defendant's opening memorandum at p. 1.