## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| *ex rel.* **ROBERT R. PURCELL,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Civil Action No. 98-2088 (GK)** |
| | : | |
| **MWI CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |

### ORDER

### MOTION IN LIMINE NO. 13

Defendant MWI Corporation ("MWI") has filed a Motion in Limine to Exclude Irrelevant and Unfairly Prejudicial Evidence [Dkt. No. 318]. Upon consideration of the Motion, the Plaintiff's Opposition [Dkt. No. 328], and the Defendant's Reply [Dkt. No. 354], the Court concludes that the Motion shall be **granted** for the following reasons.

Plaintiff seeks to introduce documentation and argument related to the fact that Defendant failed to disclose to Intertek, an inspection agency hired by the Nigerian Government to inspect the goods MWI shipped to Nigeria, the commissions paid to Indimi. The Government argues that its intent in introducing the Intertek forms is "to show that MWI repeatedly acted to conceal *the Indimi commissions* [from Intertek] (thereby covering up the fact that it failed to disclose the commission to EX-IM)." Pl.'s Opp. at 12 (emphasis in original).

1. Defendant is absolutely correct that these forms are not relevant to as required by Fed. R. Civ. P. 401, to prove any material issue in this case. The evidence about Defendant's failure to disclose the Indimi commissions on the Intertek forms (Repatriable Commissions Declaration and Form C-16) have no "tendency to make a fact more or less probable than it would be without the

evidence," pursuant to Rule 401 of the Federal Rules of Evidence for the following reasons. The Declaration and the Form C-16 are not EX-IM or United States Government forms, nor are they forms of the Nigerian Government. They are, as noted earlier, only the forms of a large company in Houston, Texas, hired by the Nigerian Government to ensure that the proper goods were being exported to it. Moreover, there is no overlap in the requirements of the Intertek forms and EX-IM's Suppliers' Certificates. Finally, the "regular commissions" which must be reported on the EX-IM's Supplier Certificates are unrelated to the "Repatriable Commissions" and "buying commissions" which must be reported on the Intertek forms. In short, the evidence about Defendant's failure to report the Indimi commissions on the Intertek forms is not in any way probative of its failure to report those commissions on the EX-IM forms.

2.      The evidence Plaintiffs seek to introduce regarding the Intertek Repatriable Commissions Forms and the C-16 Forms is also excludable under Rule 404(b). It constitutes improper "propensity evidence" which is precisely what Rule 404(b) prohibits.

3.      Even if there was some probative, non-propensity value to this evidence, it must be excluded because it is substantially outweighed by the risk of unfair prejudice to MWI and the danger of "confusing the issue, misleading a jury, [causing] undue delay, [and] wasting time," pursuant to Rule 403. The jury could easily be confused by hearing fairly extensive evidence as to Defendant's conduct vis-a-vis one set of forms, which were not even mentioned in the Complaint, when in fact it is being sued only for alleged illegal conduct vis-a-vis a totally different set of forms.

Moreover, this evidence presents a high likelihood that the jury will be sidetracked by the collateral issue of what the terms "repatriable commissions" and "buying commissions" mean, and whether there is any identifiable correlation to "regular commissions."

4.      Plaintiffs also seek to introduce evidence relating to the commercial relationship between Bush-El Trading Corporation ("Bush-El") and Defendant. Specifically, Defendant objects to Plaintiffs introducing documents showing that Bush-El, a marketing company which promoted sales for Defendant in various countries, was offered or paid a small commission in the course of doing that marketing work on Defendant's behalf in Nigeria. Plaintiffs will be attempting to ascertain whether the commissions paid to Indimi by MWI were commensurate with Defendant's other commission practices.

Defendant is correct that any evidence concerning Bush-El and Governor Jeb Bush should be excluded under Fed. R. of Evid. 401, and creates the danger of "confusing the issues, misleading the jury, [causing] undue delay, [and] wasting time" under Rule 403. The Bush-El evidence is irrelevant to proving Plaintiffs' claims. There is no mention or allegation about Bush-El or Jeb Bush in the Plaintiffs' Complaint. Most significantly, there is nothing in the record to suggest that the marketing or promotional efforts by Bush-El had any similarity to the sales agent work performed by Indimi. Indeed, there does not appear to be any record evidence that Bush-El even had a commission agreement with Defendant concerning the work he did for Defendant.

Finally, it is almost certain that the jury will get confused while hearing evidence that has no connection to the events and claims of wrongdoing set forth in Plaintiffs' Complaint. Once again, if such evidence is introduced, there would be a strong risk of a distracting mini-trial.[1]

---

[1] Defendant also argues that Plaintiffs seek to introduce this evidence in order to "politicize" the litigation. That argument has no merit whatsoever.

**WHEREFORE**, it is this 1st day of July, 2013, hereby

**ORDERED**, that Defendant's Motion in Limine to Exclude Irrelevant and Unfairly Prejudicial Evidence is **granted**.

Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**