## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| *ex rel.* ROBERT R. PURCELL, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 98-2088 (GK) |
| | : | |
| MWI CORPORATION, | : | |
| | : | |
| Defendant. | : | |

### ORDER

### UNITED STATES' PRE-TRIAL OBJECTIONS TO DEFENDANT'S EXHIBITS

The United States has filed objections to MWI's proposed exhibits [Dkt. No. 364]. Upon consideration of those Objections, the Defendant's Responses [Dkt. No. 370] and Plaintiffs' Reply [Dkt. No. 371], the Court rules on the objections as discussed below. However, it should be understood that these rulings are subject to any additional information regarding specific exhibits that may be presented at the time of trial, because the Court has not had an opportunity to examine the exhibits in question.

### 1.    MWI General Ledger

The Government objects to the admission of portions of MWI's general ledger that were not produced to Plaintiffs during discovery. Because MWI insists the documents were produced, and Plaintiffs insist that they did not receive the documents, a ruling on this issue will be **deferred** and the issue will be addressed at the Second Pretrial Conference. Thus it is hereby

**ORDERED**, that the Government's Objection to the admission of MWI's Proposed Exhibit 57 is **deferred**.

**2.**     **Commission-Related Documents**

The Government objects to the admission of documents related to sales commissions paid by MWI that were not presented to and authenticated by MWI's 30(b)(6) witness. For the reasons set forth in Dkt. No. 396, Order on Motion in Limine 3, it is hereby

**ORDERED**, that the Government's Objection to the admission of MWI's Proposed Exhibits 58, 61, 67-94, 102, 142-43, and 145-254 is **overruled**.

**3.**     **Documents Related to Nigeria's Repayment and/or Failure to Repay Ex-Im Bank Loans**

The Government objects to the admission of documents related to Nigeria's repayment of the MWI loans and any other loans from the Ex-Im Bank. For the reasons set forth in Dkt. Nos. 388 and 389, Orders on Motions in Limine 6 and 9, it is hereby

**ORDERED**, that the Government's Objection is **overruled** as to the admission of evidence related to Nigeria's repayment of the eight Ex-Im loans at issue in this case and **sustained** as to the admission of evidence related to other, unrelated Nigerian debt.

**4.**     **Ex-Im Insurance Broker Commissions**

The Government objects to the admission of documents related to insurance broker commissions paid under the Ex-Im Bank's Export Credit Insurance Program. For the reasons set forth in Dkt. No. 398, Order on Motion in Limine 2, it is hereby

**ORDERED**, that the Government's Objection to the admission of MWI's Proposed Exhibits 63 and 115 is **sustained**.

### 5.   MWI's Products

The Government objects to the admission of evidence related to various products sold by MWI. Defendant has a right to present evidence to the jury to help it understand its business and the products sold in the underlying transactions. Moreover, given this Court's ruling in Dkt. No. 397, Order on Motion in Limine 4, affirming the use of an industry-wide standard for determining whether the Indimi commissions were "regular," MWI is entitled to present evidence to the jury regarding how its products function in the relevant industry.

However, because the Court has not had an opportunity to examine the many exhibits in question, a ruling on this issue will be **deferred** and the issue will be addressed at the Second Pretrial Conference. Thus, it is hereby

**ORDERED**, that the Government's Objection to the admission of MWI's Proposed Exhibits 1-13, 47-48, 50, 54, 122, 131, 286-89, 297, and 429-34 is **deferred**.

### 6.   Nigerian Country Conditions

The Government objects to the admission of exhibits relating to country conditions in Nigeria. It is general knowledge that Nigeria has a very different commercial structure and manner of doing business than the United States. Defendant is entitled to put on some evidence to provide the jury with a concrete understanding of how business is done in Nigeria.

However, the Court ruled in Dkt. No. 383, Order on Motion in Limine 10, that Plaintiffs could not introduce evidence "pertaining to improper payments to Nigerian officials, other than those identified in the Complaint, corruption in Nigeria, and attempts to shield assets from creditors" because such evidence was irrelevant and prejudicial. Defendant can not now seek to introduce the evidence it sought to preclude Plaintiffs from admitting. In order to further understand exactly what

-3-

information Defendant seeks to introduce on Nigerian country conditions, and because the Court has not had an opportunity to examine the exhibits in question, a ruling on this issue will be **deferred** and the issue will be addressed at the Second Pretrial Conference. Thus, it is hereby

**ORDERED**, that the Government's Objection to the admission of MWI's Proposed Exhibits 14, 49, 51-53, 135, and 144 is **deferred**.

### 7.      Ex-Im Bank Policies After the MWI Loans

The Government objects to the admission of documents related to Ex-Im Bank policies put in place <u>after</u> the MWI loans were issued. Because such evidence is irrelevant, it is hereby

**ORDERED**, that the Government's Objection to the admission of MWI's Proposed Exhibits 62, 136-37, 141, and 303-306 is **sustained**.

### 8.      Declarations and Affidavits

The Government objects to the admission of various declarations and affidavits. Because MWI has made clear that it is not submitting these declarations as substantive evidence, but solely for purposes of impeachment and/or to refresh the recollection of witnesses, it is hereby

**ORDERED**, that the Government's Objection to the admission of MWI's Proposed Exhibits 117-21, and 123-24 is **overruled**.

August 29, 2013

Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

-4-