THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *ex rel.* ROBERT R. PURCELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 98-2088 (GK) |
| | ) | |
| MWI CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### UNITED STATES' UPDATED PROPOSED JURY INSTRUCTIONS

Pursuant to the Court's Order dated September 12, 2013, ECF No. 399, the United States hereby presents its updated proposed jury instructions reflecting orders issued in this case to date.

## PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 41A

(Regular Commission)

The term "regular commissions" on the Exim Supplier's Certificate refers to commissions normally and typically paid by the exporter and its competitors in the same industry. The Exim Supplier's Certificate was sufficiently clear to put exporters like MWI on notice of the type of commissions required to be disclosed.

Authority:  *United States ex rel. Purcell v. MWI*, 824 F. Supp. 2d 12, 27) (D.D.C. 2011); *United States ex rel. Purcell v. MWI*, 520 F. Supp. 2d 158, 175-77, (D.D.C. 2007); *United States ex rel. Purcell v. MWI,* Order on Motion in Limine No. 4, (ECF No. 397) (D.D.C. 2013).

GIVEN: _____
REFUSED: _____
GIVEN AS MODIFIED: _____

## **PLAINTIFFS' REVISED PROPOSED JURY INSTRUCTION NO. 42**

(Regular Commission)

If you find, by a preponderance of the evidence, that the commission MWI paid to Mr. Indimi was not similar to the commissions MWI normally and typically paid its other sales agents, or if you find that there is no evidence in the record that MWI's competitors paid commissions similar to the commission MWI paid Mr. Indimi, you may find that the commission MWI paid to Mr. Indimi was not a "regular" commission.

You may also consider evidence of bribery or improper payments to Nigerian officials as evidence that the Indimi commission was not a "regular" commission.

You may *not* find that Mr. Indimi's commission was regular if the only evidence of similar commissions are the commissions MWI previously paid to Mr. Indimi.

Authority:  *United States ex rel. Purcell v. MWI*, 824 F. Supp. 2d 12, 27) (D.D.C. 2011) (noting that "the Government has buttressed its arguments by submitting documentary evidence of the defendant's prior history of paying commissions in the relevant time period."); *United States ex rel. Purcell v. MWI*, 520 F. Supp. 2d 158, 175-77, 178 (D.D.C. 2007) ("The court affirms Ex–Im's ascription of an industry-wide frame of reference to the term "'regular commission.'"); *United States ex rel. Purcell v. MWI,* Order on Motion in Limine No. 10, (ECF No. 383) (D.D.C. 2013).

GIVEN: _____
REFUSED: _____
GIVEN AS MODIFIED: _____

**PLAINTIFFS' REVISED PROPOSED JURY INSTRUCTION NO. 48**

(Damages) [1]

If you find that MWI violated the False Claims Act, you must determine the damages sustained by the United States because of the violations. The damages that the United States is entitled to recover under the False Claims Act are the amount of money that the Government paid out by reason of the false claims over and above what it would have paid out had the claims not been false.

In the context of this case, the measure of damages to the United States is the difference between the amount that the Export-Import Bank of the United States loaned the Federal Republic of Nigeria to purchase pumps and other irrigation equipment from MWI and the amount that the Export-Import Bank of the United States would have loaned the Federal Republic of Nigeria if MWI had disclosed the Indimi commission on the Supplier's Certificates. The phrase "by reason of" in the False Claims Act means that you must conclude that the false claims caused the damages to the Government. The phrase should be construed by you so as to provide the Government with restitution for any losses it incurred as a result of the false claims. If you determine that there was a causal link between any false claim and some loss sustained by the Government, you should determine the amount of the loss so sustained and enter a verdict for the United States in that amount.

To determine damages in this case you must consider whether the Export-Import Bank received the full value that it bargained for when it agreed to loan money to Nigeria

---

[1] The United States proposes this instruction in conformity with the Court's ruling on Motion in Limine No. 6 (ECF No. 388). The Government maintains, however, that its original proposed instructions on damages and repayment of the loan (proposed instructions No. 48 and 51, *See* ECF No. 366-2) were consistent with the law, and reserves the right to raise this issue with the Court at a later date, if appropriate.

for the purpose of purchasing pumps from MWI.  In making this determination you may consider evidence that the Federal Republic of Nigeria repaid to the Export-Import Bank the loan that Nigeria used to pay Defendant MWI.  You may also consider that the Export-Import Bank did not bargain for a deal in which 34 percent of its financing would be used to pay a Nigerian sales agent rather than to support American jobs and exports.  In addition, you may also consider that the Export-Import Bank did not receive full value because the financing that it provided was used for improper or illegal purposes.  Ultimately, you must award an amount of damages that you believe is consistent with the harm suffered by the Export-Import Bank.

Authority: Adapted from O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions, (6th Ed.) § 178.60; *United States ex rel. Miller v. Bill Harbert Int'l Construction, Inc.*, 608 F.3d 871, 904 (D.C. Cir. 2010); *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 543-44 (1943); *United States v. Ekelman & Associates*, 532 F.2d 545 (6th Cir. 1976); *United States v. Hibbs*, 568 F.2d 347, 351 (3d Cir. 1977); *Brown v. United States*, 524 F.2d 693, 706 (Ct. Cl. 1975); *United States ex rel. Ervin and Associates, Inc. v. Hamilton Securities Group, Inc.*, 370 F.Supp.2d 18 (D.D.C. 2005); *United States v. Science Applications International Corporation*, 626 F.3d 1257, 1278-79 (D.C. Cir. 2010) (agreeing that instruction in first paragraph was proper and noting that Government is damaged where "the performance the government received was worth less than what it believed it had purchased."); *United States ex rel. Purcell v. MWI*, Order on Motion in Limine No. 6 (ECF No. 388) (D.D.C. July 3, 2013).

GIVEN: _____
REFUSED: _____
GIVEN AS MODIFIED: _____

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN
United States Attorney


s/Keith Morgan
KEITH V. MORGAN
(D.C. Bar No. 422665)
BEVERLY M. RUSSELL
Assistant United States Attorneys
United States Attorney's Office
555 Fourth St., N.W.
Washington, D.C. 20530

s/David Wiseman
MICHAEL D. GRANSTON
DAVID B. WISEMAN
(D.C. Bar No. 452698)
ELIZABETH YOUNG
Attorneys, Civil Division
Department of Justice
Post Office Box 261
Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 514-0132

*Attorneys for the United States*