UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* ROBERT R. PURCELL, Plaintiffs, v. MWI CORPORATION, Defendant. | : : : : : : : : : : : Civil Action No. 98-2088 (GK) |

### MEMORANDUM OPINION

Defendant, MWI Corporation, has submitted a Bill of Costs amounting to $80,390.44 for various fees and expenses expended during the litigation of this case. The Plaintiff, the United States, opposes Defendant's request.

### I. LEGAL STANDARD

As the prevailing party in this litigation, the Defendant is entitled to a strong presumption that allowable costs should be taxed to the non-prevailing party, which in this case is Plaintiff, the United States of America. Sykes v. Napolitano, 755 F. Supp. 2d. 118, 119-20 (D.D.C. 2010), citing Fed. R. Civ. P. 54(d)(1), LCvr 54.1(a); Sunship, Inc. v. Lehman, 655 F.2d 1311, 1312 (D.C. Cir. 1981). "[The] Federal courts have placed on the unsuccessful parties some burden of showing circumstances sufficient to overcome the presumption favoring the prevailing party." Id. However, "the burden is on the party seeking costs . . . to establish the amount of compensation costs and expenses to which it is entitled." Allison v. Bank One-Denver, 289 F.3d 1223, 1248 (10th Cir. 2002).

**II. ARGUMENT**

1. The Government argues that the Defendant's bill "should be denied in full because it has failed to attach an affidavit verifying its costs." The Government is totally wrong. The Court's standard Bill of Costs form specifically contains declaratory language that is required by 28 U.S.C. § 1924. Defendant's counsel filed, for his client, the official form verifying that "the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actual and necessarily performed."

Thus, there is no question that the Defendant, through counsel, properly provided a verified Bill of Costs as required by 28 U.S.C. § 1924.

2. The Government argues that Defendant, MWI, is not entitled to $8,305.50 of the $16,313.20 it is claiming in deposition costs. The Government indicated that counsel "does not believe" that MWI's counsel played any of the videotapes for which Defendant is requesting costs during the trial of this matter and, therefore, is not entitled to be reimbursed for these costs. Again, the Government is wrong. Defense counsel pointed out that there were "at least" two of the videotaped depositions "played at the trial."

Under 28 U.S.C. § 1920(2), as well as LCvR 54.1(d)(6), it is clear that the Clerk of Court "shall tax the costs of the original and one copy of any deposition noticed by the prevailing party, . . . if the deposition was used on the record, at a hearing or at trial." MWI was required to review the videotaped depositions in order to file its objections and counter-designations before trial. In addition, the question under 28 U.S.C. § 1920(2), is whether the deposition was "necessarily obtained" for use in the case. Depositions are "necessarily obtained" if -- at the time the depositions were taken -- it was reasonable for the defendant to assume that the depositions would be necessary

for use in the trial or for future depositions, motions, pretrial pleadings, or trial. Sykes, 755 F. Supp. 2d at 121.

Defendant argues that the depositions were "necessarily obtained" because they were designated for potential use as evidence at trial, and attached to motion papers and other filings on the record. In particular, in the Joint Pretrial Statement that Plaintiffs submitted, they named the deponent as a witness who might be called at trial. Obviously, the Defendant had to be prepared to cross-examine that particular witness by using the deposition. In Long v. Howard Univ., 561 F. Supp. 2d 85, 98-99 (D.D.C. 2008), the Court noted that there "are circumstances under which a litigant would find it necessary to obtain the deposition transcript . . . the fact that plaintiff ultimately did not call one of his listed witnesses to testify at trial is irrelevant because his listing of the witness in the first instance made it 'necessary' for the other side to obtain the transcript for its anticipated use in the case." That reasoning is directly applicable to this case.

The Government also argues that the videotaped deposition costs should not be allowed because Defendant is claiming the costs of both a written transcript and a videotape of the depositions. In this particular instance, it was the Government and not MWI who noticed and took the videotaped depositions of the five employees who were deposed; Defendant merely purchased a copy of the written transcript and videotape afterwards. Therefore, it is clear that MWI was not engaged in an unnecessary "fishing expedition" as the Government argues.

3. The Government also objects to $33,200.76 in Bond Costs on the basis that "MWI is not permitted to claim both insurance premiums and letters of credit in a bill of costs." While the Ninth Circuit has issued an opinion in support of the Government's position, several other Courts of Appeal have held that both insurance premiums and letters of credit fees are recoverable as bond

costs. See e.g., Dana Corporation v. IPC Ltd P'ship, 925 F.2d 1480 (Fed. Cir. 1991) (unpublished); Bose Corp. v. Cons. Union of U.S., Inc., 806 F.2d 304, 305 (1st Cir. 1986). The Government has not suggested that the bond costs were unreasonable or too high. Consequently, it has failed to meet its burden of proving that bond costs were higher than they should have been for a bond without the letters of credit. See e.g., Dana Corp., 925 F.2d at 1480; Bose Corp., 806 F.2d at 305.

### III. CONCLUSION

For all these reasons, the Court concludes that Defendant is entitled to the full amount of costs requested by MWI, as revised, totaling $81,029.65.

January 10, 2017

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**